STATE EX REL. PARKS, Appellant, vs. GROSS and others (Milwaukee County Civil Service Commission), Respondents.

*September 10—October 5, 1954.*

For the appellant there was a brief by *Patrick T. Sheedy,* attorney, and *Robert J. Beaudry* of counsel, both of Milwaukee, and oral argument by *Mr. Beaudry.*

For the respondents there was a brief by *William J. McCauley,* district attorney, and *Oliver L. O'Boyle,* corporation counsel, and oral argument by *Mr. O'Boyle.*

MARTIN, J. Russell Parks is a deputy clerk of the circuit court for Milwaukee county and as such is subject to the civil-service rules of Milwaukee county. In June, 1954, he expressed his intention of becoming a candidate for the office of register of deeds at the fall elections and requested the Civil Service Commission of Milwaukee county to waive its Rule VIII, sec. 2 (2) (h), which provides:

"Employees in the classified service of Milwaukee county desiring to become candidates for political office in all instances where there is a contest for such office shall be required to take a leave of absence without pay commencing sixty (60) days immediately prior to the date of the primary election for such office and continuing either until the elimination of such candidate at the primary election, if any, or until the day of the general election in which such employee may be a candidate."

and permit him to continue his duties as deputy clerk of the court while a candidate. This request the commission denied, advising him that it would be necessary for him to take a leave of absence without pay commencing July 16, 1954.

Relator first contends that in adopting Rule VIII, sec. 2 (2) (h) the Civil Service Commission of Milwaukee county exceeded the power granted to it by the legislature in the enactment of secs. 16.31 to 16.44, Stats.

Sec. 16.32 (1), Stats., provides that the commissioners "shall prepare and adopt such rules and regulations to carry out the provisions of sections 16.31 to 16.44, inclusive, as in their judgment shall be adapted to secure the best service for the county in each department affected by said sections, and as shall tend to promote expedition and speed the elimination of all unnecessary formalities in making appointments."

This language authorizes the commissioners to exercise their judgment in making such rules as they deem necessary "to secure the best service for the county." It indicates no intention of the legislature to limit such authority, as relator contends, to the adoption of rules to expedite the making of appointments. In adopting the rule here under attack the commission exercised its discretion in the performance of an administrative function, as directed by the legislature, and determined that the best service for Milwaukee county will be secured by requiring all employees who become candidates for public office to take a sixty-day leave of absence prior to the election.

It is also contended that the rule conflicts with the statutory privilege to run for public office. The argument has no merit. Relator is in no way prohibited from exercising that privilege.

Finally, it is contended that the application of the rule in this instance was discriminatory in that the commission had previously suspended the rule in the case of one Haberman, secretary of the Milwaukee county board of election commissioners, who became a candidate for public office. The return shows that the board of election commissioners requested that Mr. Haberman be permitted to discharge his duties for the

board during the fall election period because his absence during what it termed an "emergency period" would work a hardship on that department. An application for suspension of the rule was likewise made on behalf of relator by the clerk of circuit court, at relator's request, but such application was based solely on the fact that the rule had been waived in the case of Mr. Haberman. The transcript of the hearing before the commission in this matter indicates that relator's absence from his duties during the leave would constitute no more than an inconvenience to the clerk's office.

Whether the commission had authority to waive the rule in the Haberman matter or not—a question which is not before us—the record shows that the circumstances which it considered sufficient to grant the request in that instance were entirely different from those concerning Mr. Parks, and its denial of the relator's request cannot therefore be viewed as discriminatory, arbitrary, or unreasonable.

The circuit court properly granted respondents' motion to quash the writ.

*By the Court.*—Order affirmed.